**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

RICHARD HELLER,

   Plaintiff,

vs.

REGIONAL ENVIRONMENTAL
IMPROVEMENT COMMISSION OF
IOWA COUNTY et al.,

   Defendants.

No. 17-CV-93-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

*I. INTRODUCTION.* ...............................................................................*1*

*II. RELEVANT PROCEDURAL HISTORY.*........................................*2*

*III. SUBJECT MATTER JURISDICTION.*............................................*2*

*IV. SUMMARY JUDGMENT STANDARD.*...........................................*3*

*V. RELEVANT FACTUAL BACKGROUND.*......................................*4*
  *A. Parties.*..................................................................................*4*
  *B. Overview of the Dispute.*.......................................................*4*

*VI. ANALYSIS.*........................................................................................*7*
  *A. FMLA Claim.*........................................................................*7*
    *1. Parties' arguments.*..................................................*7*
    *2. Applicable law.*..........................................................*9*
    *3. Application.*...............................................................*9*
  *B. Heller's State Law Claims.*.................................................*12*

*VII. CONCLUSION.*..............................................................................*12*

*I. INTRODUCTION*

  The matter before the court is Defendants Regional Environmental Improvement Commission ("REIC"), Iowa County, Iowa ("the County") and John Gahring's

(collectively, "Defendants") "Motion for Summary Judgment" ("Motion") (docket no. 34).

## II. RELEVANT PROCEDURAL HISTORY

On July 14, 2017, Heller filed a "Petition at Law and Jury Demand" ("Petition") (docket no. 6) in the Iowa District Court for Iowa County. In the Petition, Heller alleges the following claims against Defendants: (1) wrongful discharge and retaliation; (2) violation of the Iowa Wage Payment Collection Act; (3) defamation; (4) tortious interference with contract; (5) infliction of severe emotional distress; (6) interference with rights under the Family Medical Leave Act ("FMLA"); and (7) breach of contract. *See* Petition at 3-11. On August 10, 2017, Defendants filed a Notice of Removal (docket no. 2), bringing the case before the court. On August 17, 2017, Defendants filed an Answer (docket no. 8).

On July 6, 2018, Defendants filed the Motion. On August 3, 2018, Heller filed a Resistance (docket no. 41). On August 13, 2018, Defendants filed a Reply (docket no. 48). On August 20, 2018, Heller filed a Surreply (docket no. 51). No party has requested oral argument, and the court finds that oral argument is unnecessary. The matter is fully submitted and ready for decision.

## III. SUBJECT MATTER JURISDICTION

The court has federal-question jurisdiction over Heller's FMLA claim because it arises under federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over Heller's remaining state law claims because these claims are so related to the federal claim that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## IV. *SUMMARY JUDGMENT STANDARD*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show'" an absence of a genuine dispute as to a material fact. *Hilde v. City of Eveleth*, 777 F.3d 998, 1003 (8th Cir. 2015) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Massey-Diez v. Univ. of Iowa Cmty. Med. Servs., Inc.*, 826 F.3d 1149, 1157 (8th Cir. 2016) (quoting *Gazal v. Boehringer Ingelheim Pharm., Inc.*, 647 F.3d 833, 837-38 (8th Cir. 2011)). "The movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson*, 643 F.3d at 1042 (alterations in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the movant has done so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324).

On a motion for summary judgment, the court must view the facts "in the light most favorable to the nonmoving party." *Id.* (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial," and summary judgment is appropriate. *Ricci*, 557 U.S. at 586 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts' . . . ." *Torgerson*, 643 F.3d at 1042 (quoting *Matsushita*, 475 U.S. at 586). Instead, "[t]o survive a motion

for summary judgment, the nonmoving party must substantiate [its] allegations with sufficient probative evidence [that] would permit a finding in [its] favor based on more than mere speculation, conjecture, or fantasy." *Williams v. Mannis*, 889 F.3d 926, 931 (8th Cir. 2018) (third alteration in original) (quoting *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011)). Mere "self-serving allegations and denials are insufficient to create a genuine issue of material fact." *Anuforo v. Comm'r of Internal Revenue*, 614 F.3d 799, 807 (8th Cir. 2010). "Evidence, not contentions, avoids summary judgment." *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)).

## V. RELEVANT FACTUAL BACKGROUND

Viewing the evidence in the light most favorable to the nonmoving party and affording him all reasonable inferences, the uncontested material facts are as follows.

### A. Parties

Heller is a resident of Iowa County, Iowa. Petition ¶ 1. REIC is an organization organized under Iowa Code Chapter 28E. *Id.* ¶ 2. Iowa County is a unit of government organized under the laws of the State of Iowa. *Id.* ¶ 3. At all times relevant, Gahring was a resident of Iowa County, Iowa. *Id.* ¶ 4.

### B. Overview of the Dispute

On March 1, 1990, Heller began working for REIC as its Environmental Director and for the County as the County Sanitarian. *See* Statement of Undisputed Material Facts in Support of Motion ("SUMF") (docket no. 34-1) ¶ 1. Heller received employee handbooks from both REIC and the County. *Id.* ¶ 4.

On July 18, 2016, Heller requested FMLA leave from July 19, 2016 to August 1, 2016. *Id.* ¶¶ 69, 75. Heller requested FMLA leave because he "had the shakes," could not sleep and had "loss of memory." *Id.* ¶ 71; Appendix in Support of Motion (docket no. 34-2) at 25.

4

On July 19, 2016, the County sent Heller an FMLA certification form and an explanatory letter. SUMF ¶ 72; Appendix in Support of Motion at 149-53. The certification form pertained to the "amount of leave needed." Appendix in Support of Motion at 152. The form enumerated several types of leave that were available, including a continuous period of leave, part-time leave and intermittent leave. *Id*. The accompanying letter stated in pertinent part:

> You must provide sufficient medical certification to the Auditor's Office within [fifteen] calendar days from the date of this letter. Enclosed is a form that must be completed by your health care provider. Failure to provide this certification will result in denial of FMLA leave and this absence will be counted in accordance with our attendance policy. Upon receipt of your certification, you will be required to use all sources of paid leave concurrently with your FMLA leave, with the exception of [forty] hours of vacation.
>
> Your health benefits will be maintained for up to [twelve] weeks during your leave under the same conditions as if you continued to work. You must continue to pay your portion of your health insurance premiums that you normally pay during your leave. . . . Additionally, if your leave extends for more than [twelve] weeks, you will become responsible for payment of the entire health insurance premium to maintain coverage.

*Id*. at 149.

On July 26, 2016, Heller returned the certification form to the County. SUMF ¶ 73. On the form, Heller's medical provider indicated that Heller would "be incapacitated for a single continuous period of time due to [his] medical condition." Appendix in Support of Motion at 152. On July 27, 2016, the County sent Heller a designation notice stating that it had received the medical certification and that it had determined that his absence qualified as FMLA leave. SUMF ¶ 73; Appendix in Support of Motion at 154. On August 2, 2016, REIC sent Heller an FMLA certification form and

5

accompanying letter.[1]  SUMF ¶ 74; Appendix in Support of Motion at 157-61.  Heller returned the REIC certification form and, again, Heller's medical provider indicated that Heller would "be incapacitated for a single continuous period of time due to [his] medical condition."  Appendix in Support of Resistance (docket no. 44) at 3.

On August 1, 2016, Heller provided REIC and the County with a note from his medical provider extending his medical leave through September 1, 2016.  Appendix in Support of Motion at 156.  On August 31, 2016, Heller provided REIC and the County with a note from his medical provider extending his medical leave through September 30, 2016.  *Id*. at 162.

On September 20, 2016, Heller's attorney sent an email to counsel for REIC and the County.  SUMF ¶ 80.  Heller's attorney stated that "[her] calculations reveal that [Heller's] [twelve] weeks of FMLA [leave] conclude on October 11, 2016" and that "[a]fter that time, he intends to return to work."  Appendix in Support of Motion at 164.  On September 21, 2016, REIC and the County's attorney responded that, according to their calculations, "it appears that [Heller's FMLA leave] will expire mid-day October 10" and therefore, "REIC and the County would expect [Heller] to return to work on October 11 if he is able to."  *Id*. at 163.  On September 27, 2016, Heller provided REIC and the County with a note from his medical provider extending his medical leave through October 11, 2016.  SUMF ¶ 81; Appendix in Support of Motion at 165.

On October 11, 2016, after his FMLA leave had expired, Heller provided REIC and the County with a note from his medical provider extending his medical leave through November 16, 2016.  SUMF ¶ 82; Appendix in Support of Motion at 166.  On the same date, counsel for REIC and the County emailed Heller's attorney inquiring whether Heller

---

[1]  The REIC letter is nearly identical to the County letter.  *Compare* Appendix in Support of Motion at 149 (County letter), *with id*. at 157 (REIC letter).  Similarly, the REIC certification form is nearly identical to the County certification form.  *Compare id*. at 152 (County certification form) *with id*. at 160 (REIC certification form).

desired "to use vacation leave until he [was] able to get the medical release to return to work." Appendix in Support of Motion at 168. On October 12, 2016, Heller's attorney responded to counsel for REIC and the County, and advised that Heller intended to use his accrued vacation time to continue on paid medical leave. SUMF ¶ 84; Appendix in Support of Motion at 168.

On November 7, 2016, Heller exhausted all of his paid vacation and sick leave. SUMF ¶ 85; Apendix in Support of Motion at 170. On November 18, 2016, Heller provided REIC and the County with a note from his medical provider extending his medical leave through December 16, 2016. SUMF ¶ 87; Appendix in Support of Motion at 171. On December 16, 2016, Heller provided REIC and the County with a note from his medical provider extending his medical leave through mid-February 2017. SUMF ¶ 88; Appendix in Support of Motion at 172. On February 24, 2017, Heller provided REIC and the County with a note from his medical provider extending his medical leave through approximately May 24, 2017. SUMF ¶ 89; Appendix in Support of Motion at 173. For reasons not relevant to the ultimate disposition of this case, Heller's employment with REIC was terminated on March 8, 2017, and his employment with the County was terminated on March 30, 2017. SUMF ¶¶ 101-02; Appendix in Support of Motion at 191-96.[2]

### VI. ANALYSIS

#### A. FMLA Claim

##### 1. *Parties' arguments*

Defendants argue that summary judgment on the FMLA claim is appropriate because Heller "cannot prove that he was deprived of any rights [that] he was entitled to

---

[2] In "Plaintiff's Response to Defendants' Statement of Material Facts" ("Response to Defendants' SUMF") (docket no. 41-1), Heller "admits these were the reasons stated for his termination" but "denies the allegations." Response to Defendants' SUMF at ¶¶ 101-02.

7

under the FMLA." Brief in Support of Motion (docket no. 34-3) at 35. Defendants assert that Heller "cannot establish his [FMLA] interference claim because he received all the FMLA benefits he was entitled to from both REIC and [the] County." *Id*. at 38. Defendants maintain that, "[i]f an employee receives all of the leave he or she is entitled to, there is no prejudice established and the [FMLA] interference claim fails." *Id*. Defendants argue that "it is undisputed that [Heller] received the full twelve weeks of leave [that] he was entitled to," and, in fact, Heller "received over thirty-three . . . weeks of leave, far more than he was entitled to under the FMLA." *Id*. at 39. Defendants conclude that they are entitled to summary judgment on Heller's FMLA claim.

Heller responds that he was prejudiced by Defendants' failure to provide him with required "notices regarding his entitlement to FMLA [leave]." Resistance at 18. Heller maintains that "Defendants' failure to provide such notices prevented [him] from properly exercising his leave." *Id*. Heller claims that with proper notice he "could have structured his leave on a part-time basis or intermittently." *Id*. Heller further claims that "[t]his type of structured leave would have prolonged and/or prevented the complete exhaustion of [his] sick and vacation pay, meaning he would not have been required to take as much (or any) unpaid leave." *Id*. Heller contends that he "can demonstrate the prejudice element of his FMLA interference claim by showing that, had he received the notice Defendants were obligated to give, he would have been able to make an informed decision about structuring leave and would have structured it a different way." *Id*.

In response, Defendants admit:

> that REIC did not provide a designation notice after [Heller] returned the [FMLA certification] forms. However, the REIC cover letter to the certification forms explained to [Heller] his rights and responsibilities for FMLA leave. Furthermore, Defendants' labor and human resources legal counsel kept in constant contact with [Heller's] attorney to explain the accounting of FMLA leave and they agreed when the leave expired. In addition, [Heller] was fully advised of his FMLA

8

rights in the Iowa County Employee Handbook.

Reply at 13 (citations omitted). Defendants further argue that the certification forms that REIC and the County provided to Heller "gave [Heller's] health care provider the option of authorizing [Heller] for intermittent leave and none of the forms [Heller] supplied from his health care provider authorized this type of leave, nor did any of the medical provider's notices authorizing extension of his FMLA leave allow this option." *Id*. at 14. Defendants conclude that Heller "received all benefits he was entitled to under the FMLA and suffered no prejudice even if any technical violations occurred." *Id*.

### 2. *Applicable law*

"The FMLA entitles an employee to twelve weeks of leave from work during any twelve-month period if the employee meets certain statutory requirements." *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005 (8th Cir. 2012) (citing 29 U.S.C. § 2612(a)(1)). "[29 U.S.C. §] 2615(a)(1) makes it unlawful for an employer to 'interfere with, restrain, or deny the exercise of or the attempt to exercise' rights provided under the FMLA." *Id*. Interference includes refusing to authorize FMLA leave, discouraging an employee from using FMLA leave and manipulation by an employer to avoid responsibilities under the FMLA. *See Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006). In order "[t]o succeed on a claim of FMLA interference, an employee must show [he] was eligible for FMLA leave, the employer knew [he] needed FMLA leave, and the employer denied [him] an FMLA benefit to which [he] was entitled." *Smith v. AS Am., Inc.*, 829 F.3d 616, 621 (8th Cir. 2016). "Even if successful on this front, a claim for interference will fail unless the employee also shows that the employer's interference prejudiced the employee as the result of a real, remediable impairment of [his] rights under the FMLA." *Massey-Diez*, 826 F.3d at 1158.

### 3. *Application*

Heller argues that Defendants are not entitled to summary judgment on his FMLA

claim because Defendants interfered with his rights under the FMLA. *See generally* Petition ¶¶ 59-68. Specifically, Heller alleges that "REIC and [the] County misle[d] and/or failed to properly inform [him] of his rights under the FMLA, including . . . designation of the amount of time used for FMLA [leave], the basis for his [twelve] week calculation, whether he was permitted to use his leave intermittently, and what substitutions were required for paid leave." *Id*. ¶ 66. Heller also argues that Defendants' interference prejudiced him because, "had he received the notice Defendants were obligated to give, he would have been able to make an informed decision about structuring leave and would have structured it a different way." Resistance at 18.

Heller's argument fails for three reasons. First, Heller received the full twelve weeks of FMLA leave that he was entitled to receive. *See Quinn v. St. Louis Cty.*, 653 F.3d 745, 753-54 (8th Cir. 2011) (finding that summary judgment was appropriate on the plaintiff's FMLA interference claim because plaintiff "received the full twelve weeks of FMLA leave to which she was entitled"); *Stallings*, 447 F.3d at 1051 (finding that the plaintiff did not have an FMLA interference claim because he was granted every request for FMLA leave, and therefore, failed to establish that the defendant "denied him a benefit to which he was entitled"). Moreover, Heller received an additional twenty-one weeks of paid and unpaid medical leave, for a total of thirty-three weeks of medical leave. Second, the parties agreed that Heller's twelve weeks of FMLA leave began on July 19, 2016, and ended on October 11, 2016. *See* SUMF ¶¶ 69, 73, 80, 84; Appendix in Support of Motion at 147, 154, 163-64, 168. Third, both REIC and the County provided Heller with FMLA certification forms and accompanying letters setting forth Heller's FMLA rights. *See* Appendix in Support of Motion at 149-53, 157-61. The court notes that the certification forms provided for continuous, intermittent and part-time leave. *See id*. at 152, 160. Although the forms provided these three options, Heller's medical provider indicated on the forms that Heller would "be incapacitated for a single continuous period

of time due to [his] medical condition." *Id*. at 152; Appendix in Support of Resistance at 3. There is no indication from the record that Heller's medical provider believed Heller's FMLA leave could have been structured for intermittent leave or part-time leave. *See Reasonover*, 447 F.3d at 578 ("Evidence, not contentions, avoids summary judgment.") (quoting *Mayer*, 318 F.3d at 809)). Moreover, given his medical provider's orders, even if REIC had properly designated Heller's FMLA leave, Heller offers no evidence to support his allegation that he could have worked intermittently or part-time. *See Anuforo*, 614 F.3d at 807 (providing that "self-serving allegations and denials are insufficient to create a genuine issue of material fact").

The court finds that Defendants are entitled to summary judgment. Defendants did not interfere with Heller's FMLA rights. Further, Heller was not prejudiced by REIC's failure to properly designate his FMLA leave because he received his full twelve weeks of FMLA leave. *See Hasenwinkel v. Mosaic*, 809 F.3d 427, 432 (8th Cir. 2015) (finding that "summary judgment was proper because [the plaintiff] exhausted her FMLA benefits," as the defendant "allowed her to take twelve weeks of FMLA leave," and therefore, the plaintiff was not "denied any entitlement under the statute"); *Quinn*, 653 F.3d 745, 753-54 (8th Cir. 2011) (finding that summary judgment was appropriate on the plaintiff's FMLA interference claim because plaintiff "received the full twelve weeks of FMLA leave to which she was entitled"); *Stallings*, 447 F.3d at 1051 (finding that the plaintiff did not have an FMLA interference claim because he was granted every request for FMLA leave, and therefore, failed to establish that the defendant "denied him a benefit to which he was entitled"); *Rodgers v. City of Des Moines*, 435 F.3d 904, 909 (8th Cir. 2006) (finding that summary judgment was appropriate because "the undisputed evidence show[ed] [the plaintiff] actually received her requested FMLA leave," and therefore, she "suffered no prejudice"). Accordingly, the court shall grant Defendants summary judgment as to Heller's FMLA claim.

## B. Heller's State Law Claims

Because the court finds that summary judgment is appropriate on Heller's FMLA claim and shall dismiss the claim, Heller has no remaining federal claims. Upon review, the court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("[A] district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1016-17 (8th Cir. 2015) ("When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually will point toward declining to exercise jurisdiction over the remaining state law claims." (quoting *In re Canadian Imp. Antitrust Litig.*, 470 F.3d 785, 792 (8th Cir. 2006))); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002) ("Upon dismissal of the federal claim, the district court did not err in remanding the supplemental claims to the state court"). Accordingly, the remaining state law claims in this case are remanded to the Iowa District Court for Iowa County.

## VII. CONCLUSION

In light of the foregoing, Defendants' Motion for Summary Judgment (docket no. 34) is **GRANTED IN PART** and Heller's FMLA claim is **DISMISSED**. The remainder of Defendants' Motion for Summary Judgment is **DENIED AS MOOT**.[3] This case is **REMANDED** to the Iowa District Court for Iowa County. The Clerk of Court is **DIRECTED** to **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

---

[3] The court takes no position as to the potential merits of the remainder of the Motion for Summary Judgment. The court shall leave this matter for the Iowa District Court to consider in the first instance on remand.

**DATED** this 10th day of September, 2018.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA